## CASE NO. 14-56593

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

### KOFI OBENG-AMPONSAH,

*Plaintiff and Appellant,*

vs.

### RANDALL D. NAIMAN, PETER HETTINGA, and CRAIG FINLAYSON,

*Defendants and Appellees.*

On Appeal From The United States District Court
For The Central District of California
Case No. 5:14-cv-00635-GHK-PJW
Honorable George H. King

### APPELLEE'S ANSWERING BRIEF OF RANDALL D. NAIMAN

John P. Girarde - 191518
Erik P. Weiss - 241453
MURPHY, PEARSON, BRADLEY and FEENEY
88 Kearny Street, 10th Floor
San Francisco, CA  94108-5530
Tel:   (415) 788-1900
Fax:   (415) 393-8087

*Attorneys for Defendant and Appellee*
*RANDALL D. NAIMAN*

# <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

CORPORATE DISCLOSURE STATEMENT ............................................1

COUNTERSTATEMENT OF THE ISSUES ...............................................2

STATEMENT OF THE CASE ...................................................................3

     I.     The Underlying Unlawful Detainer Actions: ..........................3

     II.    The 2009 Unlawful Detainer:................................................4

     III.   The 2013 Unlawful Detainer Action, Judgment and Appeal:..4

     IV.   The Subject Action:................................................................6

     V.    NAIMAN's Motion to Dismiss and Judgment: .....................8

SUMMARY OF ARGUMENT..................................................................12

STANDARD OF REVIEW........................................................................14

LEGAL ARGUMENT ..............................................................................17

     I.     The District Court lacked subject matter jurisdiction over OBENG-AMPONSAH's claims under the *Rooker-Feldman* doctrine, because OBENG-AMPONSAH was attempting a de facto appeal from prior state court rulings:........................................................................17

     II.    Because the Underlying Unlawful Detainer Actions and District Court action arise from the same "transactional nucleus of facts," OBENG-AMPONSAH's Complaint against NAIMAN is barred by res judicata:
           ...........................................................................21

     III.   OBENG-AMPONSAH's Complaint against NAIMAN arises from the judicial proceedings in the Underlying Unlawful Detainer Actions, and thus is barred as a matter of law by the *Noerr–Pennington* doctrine:     24

     IV.   OBENG-AMPONSAH's state law claims arise from NAIMAN's alleged representational misconduct in the Underlying Unlawful Detainer Actions, and thus are barred as a matter of law by the California Civil Code § 47(b) "litigation privilege":............................................................27

# TABLE OF CONTENTS
## (continued)

**Page**

V.     OBENG-AMPONSAH is not authorized to bring criminal charges against NAIMAN and those purported claims must be dismissed:...30

VI.    It is clear that OBENG-AMPONSAH's Complaint could be saved by any amendment, thus dismissal without leave to amend was warranted:   32

VII.   The District Court properly denied OBENG-AMPONSAH's Motion For Reconsideration of its order dismissing the case, because it merely restated OBENG-AMPONSAH's arguments previously set forth and rejected: ...............................................................................................32

CONCLUSION ............................................................................37

CERTIFICATE OF COMPLIANCE ...........................................................38

STATEMENT OF RELATED CASES......................................................39

CERTIFICATE OF SERVICE....................................................................40

# TABLE OF AUTHORITIES

**Page**

**Cases**

*ADA v. Cigna Corp.*,
   605 F.3d 1283 (11th Cir. 2010) ............................................................ 31

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ............... 16, 31

*Association of Am. Med. Colleges v. United States*,
   217 F.3d 770 (9th Cir. 2000) ............................................................... 15

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ............... 16, 31

*Bianchi v. Rylaarsdam*,
   334 F.3d 895 (9th Cir. 2003) ............................................................... 19

*Billingsley v. Comm'r*,
   868 F.2d 1081 (9th Cir. 1989) ............................................................. 14

*Busch v. Torres*,
   905 F.Supp. 766 (C.D. Cal. 1995) ...................................................... 34

*California Transport v. Trucking Unlimited*,
   404 U.S. 508 (1972) ........................................................................... 24

*Carden v. Getzoff*,
   190 Cal.App.3d 907 (1987) ................................................................ 28

*Carmona v. Carmona*,
   603 F.3d 1041 (9th Cir. 2010) ........................................................ 17, 18

*Chang v. Chen*,
   80 F.3d 1293 (9th Cir. 1996) ............................................................... 31

*Clark v. County of Tulare*,
   755 F.Supp. 2d 1075 (E.D. Cal. 2010) ........................................... 33, 37

*Columbia Pictures Industries, Inc. v. Professional Real Estate Investors, Inc.*,
   944 F.2d 1525 (9th Cir. 1991) ............................................................. 26

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Commissioner of Internal Revenue v. Sunnen*,
   333 U.S. 591 (1948) ...............................................................................23

*District of Columbia Ct. of Appeals v. Feldman*,
   460 U.S. 462 (1983)2, 8, 9, 10, 12, 13, 14, 17, 18, 19, 20, 21, 32, 33, 34, 35, 36

*Doe and Assoc. Law Offices v. Napolitano*,
   252 F.3d 1026 (9th Cir. 2001) ...............................................................18

*Doe v. City of San Mateo*,
   No. 8-2541 SI, C 07-5596 SI,
   2008 WL 5245889 (N.D. Cal. Dec. 17, 2008) ..................................10, 20

*Doe v. Mann*,
   415 F.3d 1038 (9th Cir. 2005) .........................................................18, 19

*Doe v. United States*,
   58 F.3d 494 (9th Cir. 1995) ....................................................................16

*Donell v. Keppers*,
   835 F.Supp. 2d 871 (S.D. Cal. 2011) .....................................................33

*Dubinka v. Judges of Sup.Ct.*,
   23 F.3d 218 (9th Cir. 1994) ....................................................................17

*Empress LLC v. City and County of S.F.*,
   419 F.3d 1052 (9th Cir. 2005) ...............................................................24

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
   544 U.S. 280 (2005) ...............................................................................17

*Freeman v. Lasky, Haas and Cohler*,
   410 F.3d 1180 (9th Cir. 2005) ...............................................................25

*Friends of Frederick Seig Grove 94 v. Sonoma County Water Agency*,
   124 F.Supp.2d 1161 (N.D.Cal. 2000).....................................................15

*Gadda v. State Bar of Cal.*,
   511 F.3d 933 (9th Cir. 2007) ..................................................................32

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Kachig v. Boothe*,
    22 Cal.App.3d 626 (1971) .......................................................................29

*Kearney v. Foley and Lardner*,
    553 F.Supp.2d 1178 (S.D.Cal. 2008) ....................................................25

*Kendall v. Visa U.S.A., Inc.*,
    518 F.3d 1042 (9th Cir. 2008) ...............................................................16

*Kougasian v. TMSL, Inc.*,
    359 F.3d 1136 (9th Cir. 2004) ........................................................10, 20

*Lacey v. Maricopa Cnty.*,
    693 F.3d 896 (9th Cir. 2012) .................................................................16

*Lively v. Wild Oats Mkts., Inc.*,
    456 F.3d 933 (9th Cir. 2006) .................................................................14

*Ludwig v. Superior Court*,
    37 Cal.App.4th 8 (1995) ........................................................................25

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
    521 F.3d 1097 (9th Cir. 2008) ...............................................................16

*Monterey Plaza Hotel Ltd. Pshp. v. Local 483 of the Hotel Emples. Union*,
    215 F.3d 923 (9th Cir. 2000) .................................................................14

*Noel v. Hall*,
    341 F.3d 1148 (9th Cir. 2003) ...............................................................18

*Noll v. Carlson*,
    809 F.2d 1446 (9th Cir. 1987) ...............................................................32

*Pettitt v. Levy*,
    28 Cal.App.3d 484 (1972) .....................................................................29

*Portman v. George McDonald Law Corp.*,
    99 Cal.App.3d 988 (1979) .....................................................................28

*Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.*,
    136 Cal.App.4th 464 (2006) ...........................................................25, 26

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.*,
  508 U.S. 49 (1993) ...................................................................24

*Red Fox v. Red Fox*,
  564 F.2d 361 (9th Cir. 1977) ...................................................22

*Reusser v. Wachovia Bank, N.A.*,
  525 F.3d 855 (9th Cir. 2008) ...........................................18, 34

*Roberts v. Corrothers*,
  812 F.2d 1173 (9th Cir. 1987) .................................................15

*Rooker v. Fidelity Trust Co.*,
  263 U.S. 413 (1923)2, 8, 9, 10, 12, 13, 14, 17, 18, 19, 20, 21, 32, 33, 34, 35, 36

*Rubin v. Green*,
  4 Cal.4th 1187 (1993).............................................................28

*Safe Air for Everyone v. Meyer*,
  373 F.3d 1035 (9th Cir. 2004) .................................................15

*Sch. Dist. No 1J, Multnoman County, Or. v. AcandS, Inc.*,
  5 F.3d 1255 (9th Cir. 1993) .....................................................33

*Silberg v. Anderson*,
  50 Cal.3d 205 (1990).........................................................28, 29

*Sosa v. DirectTV, Inc.*,
  437 F.3d 923 (9th Cir. 2006) ...................................................24

*Steiner v. Eikerling*,
  181 Cal.App.3d 639 (1986)......................................................28

*Stevenson v. International Paper Co.*,
  516 F.2d 103 (5th Cir. 1975)....................................................22

*Stock W, Inc. v. Confederated Tribes*,
  873 F.2d 1221 (9th Cir. 1989) .................................................14

*Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*,
  298 F.3d 1137 (9th Cir. 2002) .................................................22

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*,
   322 F.3d 1064 (9th Cir. 2003) .................................................................22

*Theme Prods., Inc. v. News Am. Mktg. FSI*,
   546 F.3d 991 (9th Cir. 2008) ..................................................................25

*Thornhill Pub. Co., Inc. v. Gen. Tel. & Elec. Corp.*,
   594 F.2d 730 (9th Cir. 1979) ..................................................................15

*United States ex rel. Barajas v. Northrop Corp.*,
   147 F.3d 905 (9th Cir. 1998) ..................................................................22

## Statutes

18 United States Code
   § 1341 .................................................................................................30
   § 1343 ............................................................................................7, 30
   § 1344 ............................................................................................7, 30
   § 1951 ............................................................................................7, 30
   § 1952 ............................................................................................7, 30
   § 1956 ............................................................................................7, 30
   § 1957 ............................................................................................7, 30
   § 1961 .......................................................................................5, 7, 30
   § 1964(c) .............................................................................................31

Civil Code
   § 2924 ...................................................................................................5
   § 47(b) ...............................................................2, 9, 13, 27, 28, 29, 30, 32

Code of Civil Procedure
   § 425.16 .........................................................................................8, 9, 25
   § 425.16(e) ............................................................................................9

Commercial Code
   § 3301 ..............................................................................................5, 7

Penal Code
   §§ 186-186.8 .......................................................................................31

# TABLE OF AUTHORITIES
## (continued)

**Page**

**Rules**

Federal Rules of Civil Procedure
    Rule 9(b) ...................................................................................31
    Rule 12(b)(1) .......................................................................14, 15
    Rule 12(b)(6) ........................................8, 13, 14, 15, 16, 21
    Rule 59(e) .........................................................11, 32, 33, 35
    Rule 60...................................................................................36
    Rule 60(b) .........................................................11, 32, 33, 35

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1(a) of the Federal Rules of Appellate Procedure, Defendant and Appellee RANDALL D. NAIMAN makes the following corporate disclosures:

1)    For non-governmental corporate parties please list all parent corporations:  None.

2)    For non-governmental corporate parties please list all publicly held companies that hold 10% or more of the party's stock:  None.

Dated: November 9, 2015          MURPHY, PEARSON, BRADLEY and FEENEY

By: _____ */s/ John P. Girarde* _____
                          John P. Girarde
                          Attorneys for Defendant/Appellee
                          RANDALL D. NAIMAN

Defendant and Appellee RANDALL D. NAIMAN ("NAIMAN") submits the following Appellee's Answering Brief in response to Appellant's Opening Brief of Plaintiff and Appellant KOFI OBENG-AMPONSAH ("OBENG-AMPONSAH"):

## **COUNTERSTATEMENT OF THE ISSUES**

1) Did the District Court lack subject matter jurisdiction over OBENG-AMPONSAH's Complaint under the *Rooker-Feldman* doctrine, because OBENG-AMPONSAH was attempting a de facto appeal from prior state court rulings?

2) Is OBENG-AMPONSAH's Complaint against NAIMAN barred by res judicata, because the Underlying Unlawful Detainer Actions and District Court action arise from the same transactional nucleus of facts?

3) Is OBENG-AMPONSAH's Complaint against NAIMAN barred as a matter of law by the *Noerr–Pennington* doctrine, because it arises from the judicial proceedings in the Underlying Unlawful Detainer Actions?

4) Are OBENG-AMPONSAH's state law claims against NAIMAN barred by the California Civil Code § 47(b) litigation privilege, because they arise from NAIMAN's alleged representational misconduct in the Underlying Unlawful Detainer Actions?

5) Are the criminal charges that OBENG-AMPONSAH purports to bring against NAIMAN subject to dismissal because OBENG-AMPONSAH is not authorized to bring criminal charges?

6)      Was OBENG-AMPONSAH's Complaint properly dismissed without leave to amend because it could not be saved by any amendment?

7)      Did the District Court properly deny OBENG-AMPONSAH's Motion for Reconsideration of its Order dismissing the case, because OBENG-AMPONSAH merely restated his arguments previously set forth and rejected?

## STATEMENT OF THE CASE

In this frivolous appeal, OBENG-AMPONSAH is seeking this Court's review of the United States District Court for the Central District of California's ("District Court") Order Granting NAIMAN's Motion to Dismiss (Appellee's Supplemental Excerpt of Record ["Supp.ER"], pgs. 15-22), and the subsequent Judgment entered thereupon (Supp.ER, pg. 14).

## I.      The Underlying Unlawful Detainer Actions:

OBENG-AMPONSAH's Complaint (Supp.ER, pgs. 460-770) arises from a non-judicial foreclosure brought by U.S. National Bank Association, Trustee for Lehman Brothers Structured Asset Investment Loan Trust Sale 2005-5 ("U.S. Bank") against OBENG-AMPONSAH (Supp.ER, pgs. 239-242), related to residential real property located at 6735 Pasito Avenue, Rancho Cucamonga, CA 91707 (the "Subject Property"), and two subsequent unlawful detainer actions filed by NAIMAN, a California licensed attorney, on behalf of U.S. Bank (the "Underlying Unlawful Detainer Actions").  (Supp.ER, pgs. 217-227 and 229-248.)

NAIMAN was not involved in the prior non-judicial foreclosure proceeding against OBENG-AMPONSAH — NAIMAN was only involved in the post-foreclosure Underlying Unlawful Detainer Actions against OBENG-AMPONSAH, wherein NAIMAN was legal counsel for U.S. Bank. (Supp.ER, pgs. 209-210, 217-227 and 229-248.)

## II.  The 2009 Unlawful Detainer:

After the completion of the non-judicial foreclosure of the Subject Property, NAIMAN, acting as attorney of record for U.S. Bank, cause to be served a 3/90-day notice to vacate on OBENG-AMPONSAH, which was completed on March 5, 2009. (Supp.ER, pgs. 224-227.)  OBENG-AMPONSAH failed to vacate the Subject Property, and NAIMAN then caused to be filed and served a summons and verified complaint for unlawful detainer against OBENG-AMPONSAH on March 19, 2009 in San Bernardino County Superior Court Case No. UDRS900963. (Supp.ER, pgs. 217-227.)  This action sought to remove OBENG-AMPONSAH from the Subject Property, which had been the subject of a non-judicial foreclosure NAIMAN did not participate in, and was dismissed without prejudice on April 7, 2009. (Supp.ER, pgs. 209-210 and 220-222.)

## III.  The 2013 Unlawful Detainer Action, Judgment and Appeal:

Acting as U.S. Bank's counsel, NAIMAN caused to be served a 3/90-day notice to vacate on OBENG-AMPONSAH on July 3, 2013. (Supp.ER, pgs. 243-

248.)  OBENG-AMPONSAH failed to vacate the subject property, and NAIMAN then caused to be filed and served a summons and verified complaint for unlawful detainer against OBENG-AMPONSAH on July 17, 2013.  (Supp.ER, pgs. 229-248.) This action also sought to remove OBENG-AMPONSAH from the Subject Property, following the prior non-judicial foreclosure NAIMAN did not participate in. (Supp.ER, pgs. 209-210 and 235-237.)

On December 2, 2013, OBENG-AMPONSAH filed a 40 page verified amended answer, which included 231 pages of exhibits and 60 affirmative defenses, raising most of the claims in the District Court action, e.g., subject matter jurisdiction; standing; California Commercial Code § 3301; California Civil Code § 2924; federal and California consumer rights; 18 U.S.C. § 1961; and fraud. (Supp.ER, pgs. 250-441.)

On behalf of his client, NAIMAN successfully moved for summary judgment and judgment was entered for U.S. Bank and against OBENG-AMPONSAH on December 11, 2013.  (Supp.ER, pgs. 443-445.)  OBENG-AMPONSAH then set about challenging and attacking the judgment in the Appellate Division of the San Bernardino County Superior Court.  First, OBENG-AMPONSAH filed a petition for a writ of supersedeas that was denied on January 21, 2014.  (Supp.ER, pgs. 447-449.)  OBENG-AMPONSAH then filed a notice of appeal with the San Bernardino

Superior Court, which was dismissed as untimely on February 24, 2014. (Supp.ER, pg. 451.)

On March 25, 2014, OBENG-AMPONSAH then filed a notice of appeal with the California Fourth District Court of Appeal (Case Number E060858), appealing the trial court's ruling on OBENG-AMPONSAH's motion to quash; OBENG-AMPONSAH's demurrer; U.S. Bank's summary judgment motion; and the judgment in favor of U.S. Bank. (Supp.ER, pg. 453.) On May 13, 2014, on the Fourth District's own motion, OBENG-AMPONSAH's appeal was dismissed for failing to designate the record and pay fees to the Superior Court, and OBENG-AMPONSAH's motion for relief from default was denied.[1]

## IV.  The Subject Action:

After losing the 2013 Underlying Unlawful Detainer Action, OBENG-AMPONSAH brought this subject suit against NAIMAN on April 1, 2014 in the District Court, for alleged misconduct arising from NAIMAN's legal representation of U.S. Bank therein.  OBENG-AMPONSAH is acting pro se, and his Complaint is prolix and largely unintelligible.  As to NAIMAN, the gravamen of the claims is

---

[1]  The Fourth District's May 13, 2014 online docket entry states:  "On the crt's own mtn, the appeal is dismissed w/o prejudice to applnt's bringing a subsequent appeal through the process of certification to the Court of Appeal. Further since the crt currently has no jurisdiction, mtn for relief from default is denied." *See* http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=42anddoc_id=2072838anddoc_no=E060858

alleged wrongdoing arising from NAIMAN's legal representation of U.S. Bank in the Underlying Unlawful Detainer Actions. (Supp.ER, pgs. 460-559.) The Complaint is largely a collateral attack on the validity of the unlawful detainer judgment and other issues litigated in the state court.

The Complaint alleges numerous causes of action, many of which are not legally cognizable, but the following claims appear to have been alleged against NAIMAN: (1) violation of Article III of the U.S. Constitution and California Commercial Code § 3301; (2) violation of the Due Process and Equal Protection clauses of the U.S. Constitution; (3) fraud; (4) conspiracy; (5) extortion; (6) mail fraud; (7) 18 U.S.C. § 1343, wire fraud; (8) 18 U.S.C. § 1344, bank fraud; (9) 18 U.S.C. § 1951, extortion; (10) 18 U.S.C. § 1956, money laundering; (11) trespassing; (12) violation of "California Conveyance Statutes"; (13) fraudulent conveyance; (14) violation of "New York Trust Laws"; (15) 18 U.S.C. § 1961, racketeering; (16) California racketeering "§§ 772.103, 812"; (17) 18 U.S.C. § 1957, monetary transaction in criminally derived property; (18) 18 U.S.C. § 1952, transportation in aid of racketeering; (19) unjust enrichment; (20) invasion of privacy; (21) intentional infliction of emotional distress; (22) injunctive relief; and (23) declaratory relief. (Supp.ER, pgs. 460-559.)

**V.    NAIMAN's Motion to Dismiss and Judgment:**

On April 25, 2014, NAIMAN filed a Motion to Dismiss OBENG-AMPONSAH's Complaint because it failed to properly plead any claim upon which relief may be granted and should be dismissed pursuant to FRCP 12(b)(6) and California Code of Civil Procedure § 425.16.    (Supp.ER, pgs. 175-459.) Specifically, NAIMAN's Motion to Dismiss argued that, pursuant to FRCP 12(b)(6), OBENG-AMPONSAH's Complaint was fatally defective as a matter of law and should be dismissed without leave to amend, based upon the following grounds:

1)    OBENG-AMPONSAH was attempting in the District Court action to litigated issue that were pending in state court, and thus the *Younger* abstention barred OBENG-AMPONSAH's claims;[2]

2)    OBENG-AMPONSAH was attempting a de facto appeal from prior state court rulings, and thus the *Rooker-Feldman* doctrine barred the District Court from exercising subject-matter jurisdiction over OBENG-AMPONSAH's claims;

3)    Because both the Underlying Unlawful Detainer Actions and District Court action arose from the same "transactional nucleus of facts," OBENG-AMPONSAH's Complaint against NAIMAN is barred by res judicata;

---

[2] Because the Fourth District dismissed OBENG-AMPONSAH's appeal on May 13, 2014, this defense is now moot.

4)      OBENG-AMPONSAH's claims against NAIMAN arose from judicial proceedings in the Underlying Unlawful Detainer Actions, and thus are barred as a matter of law by the *Noerr–Pennington* doctrine;

5)      OBENG-AMPONSAH's state law claims against NAIMAN arise from alleged representational misconduct in the Underlying Unlawful Detainer Actions, and thus are barred by the California Civil Code § 47(b) litigation privilege; and

6)      OBENG-AMPONSAH was not authorized to bring criminal charges against NAIMAN, and those purported claims are subject to dismissal.

NAIMAN also argued that OBENG-AMPONSAH's pendant state law claims against NAIMAN should be stricken pursuant to California Code of Civil Procedure § 425.16, because all of NAIMAN's legal advocacy in the Underlying Unlawful Detainer Actions giving rise to OBENG-AMPONSAH's claims was protected activity under California Code of Civil Procedure Section 425.16(e) and was absolutely protected by the California Civil Code § 47(b) litigation privilege.

After considering the pleadings and hearing oral argument, on July 30, 2014, Magistrate Judge Patrick J. Walsh issued a Report and Recommendation (Supp.ER, pgs. 16-22) dismissing OBENG-AMPONSAH's Complaint against all Defendants without leave to amend as barred by the *Rooker-Feldman* doctrine, ruling as follows:

> It is patently clear to the Court that the present action is a thinly veiled attempt to have this Court reconsider the issues that have already been resolved by the state court. Plaintiff wants this Court to find that the state court erred

in allowing the foreclosure to proceed and subsequently granting the bank's motion for summary judgment in the unlawful detainer action. He asks this Court to order that he and his family be returned to the home and that Defendants be forever barred from displacing him.

This, the Court is not empowered to do under *Rooker-Feldman*. It cannot undo what the state court has done. Nor is it inclined to. Plaintiff was given notice and a hearing and was allowed to present his positions in the state court. After considering Plaintiff's arguments, the state court determined that Defendants were entitled to the home and ordered Plaintiff to leave. The Court will not disturb that ruling.

Plaintiff argues that the *Rooker-Feldman* doctrine does not apply to his case because the state court judgment was procured by fraud, citing *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140-41 (9th Cir. 2004). (Opposition at 10.) He contends that Defendants relied on fraudulent documents to prevail in state court.

Plaintiff is mistaken. The fraud exception to the *Rooker-Feldman* doctrine that he refers to is for extrinsic fraud, i.e., where a party convinces another party not to participate in an action or fools the court into believing that a party has been served when, in fact, they were not. *See, e.g., Doe v. City of San Mateo*, No. 8-2541 SI, C 07-5596 SI, 2008 WL 5245889, at *3-4 (N.D. Cal. Dec. 17, 2008). That is not what happened here. Plaintiff was aware that Defendants were moving to have him evicted and appeared in that case and argued that the eviction was unlawful for various reasons, including the fact that Defendants' documents were fraudulent. (Complaint at Exh. 18.) The state court considered Plaintiff's arguments and rejected them, siding with Defendants and ordering Plaintiff to leave the property. Plaintiff cannot now ask the District Court to reconsider those issues.

For these reasons, Defendants' motions to dismiss the Complaint are granted and the action is dismissed.

> Further, because Plaintiff cannot cure the defects in his Complaint, amendment would be futile. As a result, the dismissal is with prejudice.

(Supp.ER, pgs. 20-22.)

On August 29, 2014, Judge George H. King issued his Order Accepting Report and Adopting Findings, Conclusions, and Recommendations of United States Magistrate Judge (Supp.ER, pg. 15), and entered Judgment in Defendants' favor that same day (Supp.ER, pg. 14).

On September 12, 2014, OBENG-AMPONSAH filed a Motion to Vacate and Void Order Granting Defendants' Motion to Dismiss Complaint and Judgment Thereon and Amend His Complaint, Pursuant to Rule 60(b), or Alternatively, Rule 59(e). On September 23, 2014, Judge Walsh issued an Order denying OBENG-AMPONSAH's Motion to Vacate, and rejected OBENG-AMPONSAH's attempt to file an amended complaint. (Supp.ER, pgs. 3-7.)

On September 29, 2104, OBENG-AMPONSAH filed this Notice of Appeal. (Supp.ER, pgs. 28-31.) On October 29, 2014, this Court issued an Order holding this appeal in abeyance pending the District Court's ruling as to whether OBENG-AMPONSAH's September 15, 2014 "Motion to Vacate" was a motion listed in FRAP 4(a)(4), and if so, the resolution of the motion. (Supp.ER, pgs. 10-12.)

On January 13, 2015, Judge Walsh issued a minute order in chambers stating that, per this Court's Order on October 29, 2014, the District Court struck the

discrepancy notice associated with OBENG-AMPONSAH's September 15, 2014 motion, and would consider it as a motion for reconsideration. (Supp.ER, pg. 8.) On January 21, 2015, Judge King issued an Order Denying OBENG-AMPONSAH's Motion for Reconsideration of Order Dismissing Complaint with Leave to Amend. (Supp.ER, pgs. 3-7.) On January 29, 2015, this Court issued an order lifting the stay order and allowing this appeal to proceed. (Supp.ER, pg. 1-2.)

## SUMMARY OF ARGUMENT

Upon de novo review, this Court should affirm the Judgment on the grounds that the District Court did indeed lack subject matter jurisdiction over OBENG-AMPONSAH's claims as barred by the *Rooker-Feldman* doctrine, because OBENG-AMPONSAH was attempting a de facto appeal from prior state court rulings. Under the *Rooker–Feldman* doctrine, a district court is precluded from hearing cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. That is exactly what OBENG-AMPONSAH was doing in this action. As the District Court opined: "It is patently clear to the Court that the present action is a thinly veiled attempt to have this Court reconsider the issues that have already been resolved by the state court." (Supp.ER, pg. 20.)

Accordingly, OBENG-AMPONSAH's Complaint was properly dismissed by the District Court due to lack of subject matter jurisdiction under *Rooker-Feldman*, and this Court should affirm the Judgment on that basis alone. Moreover, OBENG-AMPONSAH's Complaint failed to plead any causes of action against NAIMAN, and was subject to dismissal with prejudice pursuant to FRCP 12(b)(6), on the following other independent basis:

- OBENG-AMPONSAH's Complaint against NAIMAN is barred by res judicata, because the Underlying Unlawful Detainer Actions and District Court action arise from the same transactional nucleus of facts;

- OBENG-AMPONSAH's Complaint against NAIMAN is barred as a matter of law by the *Noerr–Pennington* doctrine, because it arises from the judicial proceedings in the Underlying Unlawful Detainer Actions;

- OBENG-AMPONSAH's state law claims against NAIMAN are barred by the California Civil Code § 47(b) litigation privilege because they arise from NAIMAN's alleged representational misconduct in the Underlying Unlawful Detainer Actions;

- The criminal charges that OBENG-AMPONSAH purports to bring against NAIMAN are subject to dismissal because OBENG-AMPONSAH is not authorized to bring criminal charges.

As the record clearly demonstrates, this is a groundless appeal of equally groundless underlying action, which is nothing more than an attempt to improperly appeal a state court judgment in the District Court, and is OBENG-AMPONSAH's retaliation against the attorney of his litigation opponent in the Underlying Unlawful Detainer Actions. As such, NAIMAN respectfully requests this Court to affirm in full the District Court's Judgment in this action.

## STANDARD OF REVIEW

The District Court found that it lacked subject matter jurisdiction over OBENG-AMPONSAH's claims because they were barred by the *Rooker-Feldman* doctrine, and this Court is to review the district court's decision on a de novo basis. *Lively v. Wild Oats Mkts., Inc.,* 456 F.3d 933, 938 (9th Cir. 2006). Likewise, a dismissal for failure to state a claim pursuant to FRCP 12(b)(6) is reviewed de novo. *Monterey Plaza Hotel Ltd. Pshp. v. Local 483 of the Hotel Emples. Union*, 215 F.3d 923, 926 (9th Cir. 2000).

Pursuant to FRCP 12(b)(1), subject matter jurisdiction is fundamental and "the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction." *Billingsley v. Comm'r*, 868 F.2d 1081, 1085 (9th Cir. 1989). A federal court is presumed to lack subject matter jurisdiction until the contrary affirmatively appears. *Stock W, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

"A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The court then proceeds to weigh the evidence, and resolve any factual disputes on its own. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

"Unlike a motion under FRCP 12(b)(6), however, the Court is not required to accept all of the non-moving party's factual allegations as true. Instead, the party moving under Rule 12(b)(1) may submit evidence indicating that the court lacks subject matter jurisdiction." *Friends of Frederick Seig Grove 94 v. Sonoma County Water Agency*, 124 F.Supp.2d 1161, 1164 (N.D.Cal. 2000). "It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *Association of Am. Med. Colleges v. United States*, 217 F.3d 770, 778 (9th Cir. 2000) [noting that a district court "obviously does not abuse its discretion by looking to this extra-pleading material in deciding the issue, even if it becomes necessary to resolve factual disputes"].

This Court recently summarized the FRCP 12(b)(6) standard of review as follows:

> Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires not only "fair notice of the nature of the claim, but also grounds on which the claim rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n. 3, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation and quotes omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The plausibility standard requires more than the sheer possibility or conceivability that a defendant has acted unlawfully. *Id*. at 678-697; see also *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citation and quotes omitted); *accord Lacey* [*v. Maricopa Cnty.*], 693 F.3d [896] at 911 [(9th Cir. 2012) (en banc)]. Dismissal under Rule 12(b)(6) is proper only when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory. *Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1104 (9th Cir. 2008). Although a District Court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations, *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995), "[d]ismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment," *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008).

*Li v. Kerry*, 710 F.3d 995, 998-99 (9th Cir. 2013).

## <u>LEGAL ARGUMENT</u>

I.   **The District Court lacked subject matter jurisdiction over OBENG-AMPONSAH's claims under the *Rooker-Feldman* doctrine, because OBENG-AMPONSAH was attempting a de facto appeal from prior state court rulings:**

The *Rooker–Feldman* doctrine is derived from two United States Supreme Court cases:  *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).  The *Rooker–Feldman* doctrine "stands for the relatively straightforward principle that federal district courts do not have jurisdiction to hear de facto appeals from state court judgments."   *Carmona v. Carmona*, 603 F.3d 1041, 1050-51 (9th Cir. 2010); *Dubinka v. Judges of Sup.Ct.*, 23 F.3d 218, 221 (9th Cir. 1994) ["Federal district courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decisions."].

Under the *Rooker–Feldman* doctrine, a federal District Court is precluded from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the District Court proceedings commenced and inviting District Court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  The *Rooker–Feldman* doctrine applies not only to final state court orders and judgments, but to

interlocutory orders and non-final judgments issued by a state court as well. *Doe and Assoc. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001).

The *Rooker–Feldman* doctrine prohibits "a direct appeal from the final judgment of a state court." *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003). The doctrine "may also apply where the parties do not directly contest the merits of a state court decision, as the doctrine prohibits a federal District Court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008). "A suit brought in federal District Court is a 'de facto appeal' forbidden by *Rooker–Feldman* when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" *Carmona, supra*, 603 F.3d at 1050.

"[T]he *Rooker–Feldman* doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in 'which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005). "[A] federal District Court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit that is

'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Id.*, at 1043; *see also Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) [stating that "claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the District Court to interpret the application of state laws or procedural rules"].

Here, OBENG-AMPONSAH was asking the District Court to review the judgment in favor of U.S. Bank and other rulings by the San Bernardino County Superior Court. (Supp.ER, pgs. 443-445.) OBENG-AMPONSAH also filed an appeal with California's Fourth District Court of Appeal (Supp.ER, pg. 453), which was dismissed for OBENG-AMPONSAH's failure to designate the record and pay fees to the Superior Court (see fn. 1, *supra*). As the District Court astutely observed:

> It is patently clear to the Court that the present action is a thinly veiled attempt to have this Court reconsider the issues that have already been resolved by the state court. Plaintiff wants this Court to find that the state court erred in allowing the foreclosure to proceed and subsequently granting the bank's motion for summary judgment in the unlawful detainer action. He asks this Court to order that he and his family be returned to the home and that Defendants be forever barred from displacing him.

(Supp.ER, pg. 20.)

Of course, that is <u>precisely</u> what the *Rooker-Feldman* doctrine prohibits. OBENG-AMPONSAH was given notice and a hearing and was allowed the

- 19 -

opportunity to fully adjudicate his positions in the state court. (Supp.ER, pgs. 250-441.) After considering OBENG-AMPONSAH's arguments, the state court rejected them and allowed the Underlying Unlawful Detainer Actions to proceed. (Supp.ER, pgs. 443-445.) Both of OBENG-AMPONSAH's subsequent appeals at the state court level were dismissed, first by the San Bernardino Superior Court (Supp.ER, pg. 451), and then by the Fourth District Court of Appeal (Supp.ER, pg. 453; fn. 1, *supra*).

OBENG-AMPONSAH argues that the *Rooker-Feldman* doctrine does not apply to his case because the state court judgment was procured by fraud, citing *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140-41 (9th Cir. 2004), contending that Defendants relied on fraudulent documents to prevail in the state court. (Supp.ER, pg. 21.) OBENG-AMPONSAH's citation to *Kougasian* is inapposite. The fraud exception to the *Rooker-Feldman* doctrine is for extrinsic fraud, i.e., where a party convinces another party not to participate in an action or fools the court into believing that a party has been served when, in fact, they were not. *See, e.g., Doe v. City of San Mateo*, No. 8-2541 SI, C 07-5596 SI, 2008 WL 5245889, at *3-4 (N.D. Cal. Dec. 17, 2008).

Obviously, that is not what happened here. OBENG-AMPONSAH was well aware of the filing of the Underlying Unlawful Detainer Actions and litigated against them vigorously. As evidenced by his 271 page verified answer and exhibits,

OBENG-AMPONSAH appeared in the Underlying Unlawful Detainer Actions and argued that the eviction was unlawful for various reasons, including the allegation that Defendants' documents were fraudulent. (Supp.ER, pgs. 250-441.) The state court considered OBENG-AMPONSAH's arguments and rejected them, siding with Defendants and ordering OBENG-AMPONSAH to leave the Subject Property. (Supp.ER, pgs. 443-445.) Under the *Rooker-Feldman* doctrine, OBENG-AMPONSAH was barred from asking the District Court to reconsider those issues which had already been adjudicated in the state court.

Accordingly, OBENG-AMPONSAH's Complaint was properly dismissed by the District Court due to lack of subject matter jurisdiction, and this Court should affirm the Judgment on that basis alone. Nonetheless, OBENG-AMPONSAH's Complaint failed to plead any causes of action against NAIMAN, and thus was subject to dismissal without leave to amend pursuant to FRCP 12(b)(6), on several other independent basis, as follows.

## II. Because the Underlying Unlawful Detainer Actions and District Court action arise from the same "transactional nucleus of facts," OBENG-AMPONSAH's Complaint against NAIMAN is barred by res judicata:

Three elements constitute a successful res judicata defense: "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Stratosphere Litig. L.L.C. v. Grand*

*Casinos, Inc.*, 298 F.3d 1137, 1143 n. 3 (9th Cir. 2002). As this court previously

stated:

> Res judicata bars relitigation of all grounds of recovery
> that were asserted, or could have been asserted, in a
> previous action between the parties, where the previous
> action was resolved on the merits. It is immaterial whether
> the claims asserted subsequent to the judgment were
> actually pursued in the action that led to the judgment;
> rather, the relevant inquiry is whether they could have
> been brought.

*United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998).

The fact that res judicata depends on an "identity of claims" does not mean

that an imaginative plaintiff may avoid preclusion by attaching a different legal label

to an issue that has, or could have, been litigated. *Tahoe-Sierra Pres. Council, Inc.*

*v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077-1078 (9th Cir. 2003). Rather,

"[i]dentity of claims exists when two suits arise from 'the same transactional nucleus

of facts.' Newly articulated claims based on the same nucleus of facts may still be

subject to a res judicata finding if the claims could have been brought in the earlier

action." *Id.*

Federal courts, as a rule, should accord full res judicata effects to prior state

court adjudications. *Red Fox v. Red Fox*, 564 F.2d 361, 364 (9th Cir. 1977). Res

judicata rests on the public policy favoring an end to mere contentious litigation.

*Stevenson v. International Paper Co.*, 516 F.2d 103, 109 (5th Cir. 1975). Justice

requires the removal of the threat of repetitive litigation of the same causes of action. *Commissioner of Internal Revenue v. Sunnen*, 333 U.S. 591, 597 (1948).

Here, after unsuccessfully litigating the Underlying Unlawful Detainer Actions in San Bernardino County Superior Court and Fourth District Court of Appeal, OBENG-AMPONSAH is again raising the very same legal issues and suing NAIMAN in this Court for alleged wrongdoing arising from the same "transactional nucleus of facts," namely, NAIMAN's alleged misconduct arising from his legal representation of U.S. Bank in the Underlying Unlawful Detainer Actions. (Supp.ER, pgs. 250-441 and 460-559.) But the San Bernardino Superior Court rejected OBENG-AMPONSAH's arguments and entered judgment in favor of NAIMAN's client, U.S. Bank (Supp.ER, pgs. 443-445); OBENG-AMPONSAH then filed a notice of appeal with the San Bernardino Superior Court, which was dismissed as untimely on February 24, 2014 (Supp.ER, pg. 451); and finally, the Fourth District Court of Appeal subsequently dismissed OBENG-AMPONSAH's appeal of the judgment against him (Supp.ER, pg. 453; fn. 1, *supra*). Thus, because both the prior Underlying Unlawful Detainer Actions and the District Court action arise from the same "transactional nucleus of facts," OBENG-AMPONSAH's Complaint against NAIMAN is barred under the doctrine of res judicata.

**III.    OBENG-AMPONSAH's Complaint against NAIMAN arises from the judicial proceedings in the Underlying Unlawful Detainer Actions, and thus is barred as a matter of law by the *Noerr–Pennington* doctrine:**

The *Noerr-Pennington* doctrine derives from the First Amendment's guarantee of "the right of the people . . . to petition the Government for a redress of grievances."  Essentially, the *Noerr-Pennington* doctrine is a rule of statutory construction, applicable to any federal statute that might potentially undermine the rights protected by the Petition Clause.  *Sosa v. DirectTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006).  The *Noerr-Pennington* doctrine holds that "[t]hose who petition government for redress are generally immune from antitrust liability." *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.*, 508 U.S. 49, 56 (1993).  While it arose in the context of antitrust law, the *Noerr-Pennington* doctrine has been greatly expanded to include <u>all</u> fields of law:

> The same philosophy governs the approach of citizens or groups of them to administrative agencies (which are both creatures of the legislature, and arms of the executive) and to courts, the third branch of Government.  Certainly the right to petition extends to all departments of the Government.  The right of access to the courts is indeed but one aspect of the right of petition.

*California Transport v. Trucking Unlimited*, 404 U.S. 508, 512 (1972).

Under the *Noerr-Pennington* doctrine, those who petition the government for redress are immune from statutory liability for their petitioning conduct.  *Empress LLC v. City and County of S.F.*, 419 F.3d 1052, 1056 (9th Cir. 2005).  In this way,

the *Noerr-Pennington* doctrine is analogous to California's anti-SLAPP statute, but applicable to federal claims. *Kearney v. Foley and Lardner*, 553 F.Supp.2d 1178, 1181 (S.D.Cal. 2008); *Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.*, 136 Cal.App.4th 464, 480 (2006).

The *Noerr-Pennington* doctrine provides immunity for "virtually any tort, including unfair competition and interference with contract." *Ludwig v. Superior Court*, 37 Cal.App.4th 8, 21-22 (1995). In *Ludwig*, the court explained:

> Obviously, the principle of constitutional law that bars litigation arising from injuries received as a consequence of First Amendment petitioning activity [should be applied], regardless of the underlying cause of action asserted by the plaintiffs. [T]o hold otherwise would effectively chill the defendants' First Amendment rights.

*Ludwig*, 37 Cal.App.4th at 21, fn. 17.

Additionally, like the California anti-SLAPP statute (Code of Civil Procedure § 425.16), the *Noerr-Pennington* doctrine not only protects petitioning activity, but also "activity incidental to and in anticipation of petitioning activity." *Theme Prods., Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1007 (9th Cir. 2008).

It is well established that communications related to litigation are sufficiently within the protection of the Petition Clause to trigger the *Noerr-Pennington* doctrine. *See, e.g., Freeman v. Lasky, Haas and Cohler*, 410 F.3d 1180, 1185 (9th Cir. 2005) [*Noerr-Pennington* doctrine barred plaintiffs' claims against law firms and attorneys predicated on alleged discovery misconduct, subornation of perjury and witness

intimidation in prior action]; *Premier Medical Management, supra*, 136 Cal.App.4th at 479 [*Noerr-Pennington* doctrine disposed of entire complaint where defendants' successful prosecution of a prior litigation served as the basis for the lawsuit]; *Columbia Pictures Industries, Inc. v. Professional Real Estate Investors, Inc.*, 944 F.2d 1525, 1528 (9th Cir. 1991) [Plaintiff's refusal to settle the case was protected because the decision to accept or reject a settlement offer is "incidental" to the prosecution of a lawsuit "and not a separate and distinct activity which might form the basis for antitrust liability."]

Upon examination of the Complaint and matters of which the Court may take judicial notice, OBENG-AMPONSAH's claims against NAIMAN are based exclusively on his legal representation of his client, U.S. Bank, in the Underlying Unlawful Detainer Actions, and his related actions or communications. [RFJN, Exhibits A, B.] In fact, in his Complaint, OBENG-AMPONSAH specifically avers that NAIMAN's alleged misconduct "arises from a fraudulent Unlawful Detainer ("UD") action brought by Defendant Naiman on behalf of US [sic] National Bank Association . . . ." (Supp.ER, pg. 463.) OBENG-AMPONSAH's allegations against NAIMAN are a direct result of the judicial proceedings in the Underlying Unlawful Detainer Actions, which clearly constitute protected petitioning activity under the *Noerr-Pennington* doctrine. Thus, as a matter of law, the *Noerr-*

*Pennington* doctrine cloaks NAIMAN with immunity and mandates dismissal of all of OBENG-AMPONSAH's claims against him.

## IV. OBENG-AMPONSAH's state law claims arise from NAIMAN's alleged representational misconduct in the Underlying Unlawful Detainer Actions, and thus are barred as a matter of law by the California Civil Code § 47(b) "litigation privilege":

Notwithstanding the fact that OBENG-AMPONSAH's claims against NAIMAN are barred by the *Noerr–Pennington* doctrine, any state-law claims alleged against NAIMAN are also barred as a matter of law by the California Civil Code § 47(b) "litigation privilege," which renders NAIMAN absolutely immune from any civil tort liability for any communications made during the Underlying Unlawful Detainer Actions. Section 47(b) sets forth the "litigation privilege", which broadly protects any communication or communicative act made during any official proceeding authorized by law:

A privileged publication or broadcast is one made:

(a) In the proper discharge of an official duty.

(b) In any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law…

The litigation privilege is broadly construed by courts, and consistently interpreted to prevent, as a matter of law, all "secondary lawsuits" which arise solely from communications or communicative acts related to any proceeding authorized

by law. *Rubin v. Green*, 4 Cal.4th 1187, 1196-98 (1993). To that end, the privilege is broadly applied even where communication is not "pertinent, relevant, or material in a technical sense to any issue in the action; it need only have some connection or relation to the proceedings." *Portman v. George McDonald Law Corp.*, 99 Cal.App.3d 988, 991-92 (1979). The privilege covers not only communications made during an official proceeding, but also to statements, communications, court filings, and other related communicative acts made outside of the strict confines of the proceeding. *Silberg v. Anderson*, 50 Cal.3d 205, 212 (1990).

The Section 47(b) litigation privilege operates as an absolute limitation upon liability, regardless of whether the defendant possesses wrongful intent, motivation, or malice: "the 'without malice' requirement applies only to those allegations against correspondents published in the pleadings and affidavits filed in dissolution proceedings and that, otherwise the Legislature intended [Section 47(b)] to apply to all publications, irrespective of their maliciousness." *Silberg, supra*, 50 Cal.3d at 215-16. *Silberg* followed a large body of authority in which malicious and/or criminal conduct, when in the form of a communication made during litigation or an official proceeding, was nonetheless privileged under Section 47(b): *Carden v. Getzoff*, 190 Cal.App.3d 907, 915 (1987) [even malicious publications, including injurious perjury and the suborning of such perjury, are protected under Section 47(b)]; *Steiner v. Eikerling*, 181 Cal.App.3d 639, 642-642 (1986) [the submission of

- 28 -

a forged document to a court and the actual act of forgery were privileged under Section 47(b)]; *Pettitt v. Levy*, 28 Cal.App.3d 484, 489 (1972) [immunity under Section 47(b) applies to perjured testimony and forgery of documents]; and *Kachig v. Boothe*, 22 Cal.App.3d 626, 641 (1971) [Section 47(b) applies to testimony that is perjured and malicious].

With the sole exception of maliciously filing and prosecuting a civil action, attorneys are absolutely protected when they zealously put forward an attempt to protect their client's interest, even when doing so causes injury to adverse parties. *Silberg*, 50 Cal.3d at 213-215 [noting that the litigation privilege bars claims for abuse of process]. *Silberg* held that four elements must be met for conduct to fall within the immunity of Section 47(b): the allegedly wrongful communication must be "(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the [proceedings]; and (4) [have] some connection or logical relation to the action." *Id*.

Looking at OBENG-AMPONSAH's Complaint, the exhibits thereto, and the documents subject to judicial notice, it is clear that all of NAIMAN's acts or communications giving rise to OBENG-AMPONSAH's claims were: (1) made in relation to the Underlying Unlawful Detainer Actions, judicial proceedings in the San Bernardino County Superior Court; (2) made in his capacity as counsel for U.S. Bank, a participant authorized by law; (3) made for the purpose of achieving the

purpose of the proceeding, namely, to remove OBENG-AMPONSAH from the Subject Property; and (4) have some connection or logical relation to the action. (Supp.ER, pgs. 217-227 and 229-248.)  All of OBENG-AMPONSAH's pendant state law claims against NAIMAN, including fraud, conspiracy, trespass, invasion of privacy, and intention infliction of emotional distress are barred, as a matter of law, by the Civil Code § 47(b) litigation privilege.

## V.    OBENG-AMPONSAH is not authorized to bring criminal charges against NAIMAN and those purported claims must be dismissed:

OBENG-AMPONSAH's Complaint includes numerous allegations of criminal conduct against NAIMAN.  These allegations are pled as purported civil claims against NAIMAN.  Insofar as it is possible to discern, the claims are for mail fraud under 18 U.S.C. § 1341; wire fraud under 18 U.S.C. § 1343, bank fraud under 18 U.S.C. § 1344; extortion under 18 U.S.C. § 1951; money laundering under 18 U.S.C. § 1956; racketeering under 18 U.S.C. § 1961; California racketeering under "§§ 772.103, 812"; monetary transaction in criminally derived property under 18 U.S.C. § 1957; and transportation in aid of racketeering under 18 U.S.C. § 1952. (Supp.ER, pgs. 460-559.)

There is a fundamental defect in that these are criminal statutes, and, except as set forth below, there is no enforcement mechanism for private individuals. OBENG-AMPONSAH is not authorized to institute criminal proceedings.  That is the province of a United States Attorney.  Even if a private right of enforcement

existed, OBENG-AMPONSAH fails to specify what alleged criminal conduct NAIMAN engaged in. These are not cognizable claims in a civil action, and must be dismissed without leave to amend.

The sole exception is 18 U.S.C. § 1964(c), which creates a private right of action. To state a civil RICO claim against NAIMAN, OBENG-AMPONSAH must allege: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity, (5) causing injury to Plaintiff's business or property. *Chang v. Chen*, 80 F.3d 1293, 1298-1300 (9th Cir. 1996). OBENG-AMPONSAH's substantive RICO allegations must comply not only with the plausibility criteria articulated in *Twombly* and *Iqbal*, but also with the heightened pleading standard set forth in FRCP 9(b), which requires precise statements, dates, times, places and documents. *ADA v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010). Here, OBENG-AMPONSAH utterly fails to plead specific facts establishing the required elements. OBENG-AMPONSAH's allegations are conclusory labels that merely parrot the statutory language, and that is insufficient.[3]

---

[3]   OBENG-AMPONSAH's Complaint refers to "California Civil RICO" and sections "772.103" and "812". [Complaint p. 80.] The cited sections, though, do not appear to have any connection with California law. Rather, these references appear to be to Florida's civil RICO statute. Moreover, California Penal Code §§ 186-186.8 do not provide a private right of action.

**VI.    It is clear that OBENG-AMPONSAH's Complaint could be saved by any amendment, thus dismissal without leave to amend was warranted:**

Dismissal without leave to amend is appropriate where a complaint cannot be saved by any amendment. *Gadda v. State Bar of Cal.*, 511 F.3d 933, 939 (9th Cir. 2007). Even a pro se complaint may be dismissed with prejudice where it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

As established previously, all of OBENG-AMPONSAH's claims against NAIMAN are barred by the *Rooker-Feldman* doctrine, res judicata, the *Noerr–Pennington* doctrine, and/or the California Civil Code § 47(b) litigation privilege. It is clear from the face of the Complaint, the exhibits thereto, the documents subject to judicial notice, the nature of the claims against NAIMAN, and the applicable legal defenses that OBENG-AMPONSAH's Complaint could not have been saved by any amendment, and therefore was properly dismissed without leave to amend.

**VII.    The District Court properly denied OBENG-AMPONSAH's Motion For Reconsideration of its order dismissing the case, because it merely restated OBENG-AMPONSAH's arguments previously set forth and rejected:**

A district court may reconsider a prior order under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from

judgment).[4]  *Sch. Dist. No 1J, Multnoman County, Or. v. AcandS, Inc.,* 5 F.3d 1255, 1262 (9th Cir. 1993).  Under Rule 59(e), reconsideration "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  *Id*. at 1263.

Rule 60(b) provides for reconsideration "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment;  (5)  a  satisfied  or  discharged  judgment;  or  (6) 'extraordinary circumstances' which would justify relief."  *Sch. Dist. No 1J, Multnoman County, Or.*, 5 F.3d at 1263; *Donell v. Keppers*, 835 F.Supp. 2d 871, 874 (S.D. Cal. 2011).  Generally speaking, a motion for reconsideration is considered an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Clark v. County of Tulare*, 755 F.Supp. 2d 1075, 1099 (E.D. Cal. 2010).

OBENG-AMPONSAH requested reconsideration because he disputed the District Court's conclusion that his claims were barred by the *Rooker-Feldman* doctrine.  Specifically, he argued that he did not have an opportunity to litigate all

---

[4]  OBENG-AMPONSAH captioned this a "Motion to Vacate and Void this Court's Order Granting Defendants' Motion to Dismiss Complaint and Judgment Thereon In Order to Amend his Complaint Pursuant to Rule 60(b) or, Alternatively, Rule 59(e)."  The District Court construed this as a motion for reconsideration.

the issues raised here in the state court Underlying Unlawful Detainer Actions, and that, therefore, he is not precluded from raising them here. (Supp.ER, pg. 4.)

OBENG-AMPONSAH erroneously argued that the District Court was in clear error when it concluded his claims were barred under the *Rooker-Feldman* doctrine. The fact that the state court proceeding at issue were unlawful detainer actions does not mean that *Rooker-Feldman* does not present a bar. See*, e.g., Busch v. Torres*, 905 F.Supp. 766, 771 (C.D. Cal. 1995) [finding plaintiff's claims barred by *Rooker-Feldman* because they presented a challenge to a state court judgment in an unlawful detainer action and subsequent enforcement of that judgment]; *Reusser v. Wachovia Bank, NA*, No. 6-112-HA, 2006 WL 2334844, at *3 (D. Or. Aug. 10, 2006) [dismissing claims as barred by *Rooker-Feldman* where, even though plaintiff's claims emphasized that a bank, and not the state court system, was responsible for the legal wrongs alleged, the state court already heard and rejected this argument, and therefore plaintiff's challenge "unavoidably encompasses an assertion that the [state court] was also wrong" in its judgments].

Although unlawful detainer proceedings are limited in nature, the *Rooker-Feldman* doctrine bars not only issues specifically raised in such a proceeding, but other constitutional claims that are "inextricably intertwined" with the state court's decision. *Busch*, 905 F.Supp. at 771. Here, OBENG-AMPONSAH's claims are all ultimately premised on undoing the state court's rulings and a judgment in his favor

would necessarily call those rulings into question.[5]  In fact, even in his motion for reconsideration, OBENG-AMPONSAH reiterates that what he is seeking is an order enjoining Defendants from selling his properly and precluding them from enforcing the state court's orders and judgment. (Doc. No. 71, at 10.)  To the extent, therefore, that OBENG-AMPONSAH is arguing that the District Court's ruling was in error, that argument was properly rejected.  Further, as OBENG-AMPONSAH did not contend that there had been an intervening change in controlling law or newly discovered evidence, he did not articulate any valid grounds for reconsideration under Rule 59(e).

To the extent that OBENG-AMPONSAH sought reconsideration under Rule 60(b), his argument that the District Court was wrong to conclude he was precluded from litigating his claims by *Rooker-Feldman* did not meet any of the criteria for reconsideration under this rule.  OBENG-AMPONSAH failed to make any showing

---

[5] OBENG-AMPONSAH argued, for example, that the state court lacked jurisdiction over the Underlying Unlawful Detainer Actions, that Defendants deprived him of his right to property without due process, that the state court judgment and writ of possession were premised on fraudulent documents, and that the judgment resulted in Defendants being unjustly enriched by his property.  Each of these claims, and indeed, the entire Complaint, was ultimately an effort to undo the state court rulings and as such, is barred by *Rooker-Feldman*. (Supp.ER, pg. 3.)

of mistake, surprise, or excusable neglect, or claimed that newly discovered evidence should change the Court's initial ruling.[6]

Nor did OBENG-AMPONSAH contend that the District Court's ruling was premised on fraud, as that concept is understood under Rule 60. Though he repeatedly argues that the state court judgment was obtained by fraud, that argument was rejected by the Court in its initial ruling.[7] The same holds true to the extent that OBENG-AMPONSAH contends that the Court's decision was premised on a "void" judgment, as he is in fact referring to the state court's judgment in the Underlying Unlawful Detainer Actions, rather than the judgment in the District Court action.

Finally, OBENG-AMPONSAH did not argue that the District Court's decision in this action was premised on a satisfied or discharged judgment, nor did OBENG-AMPONSAH allege the existence of any extraordinary circumstances that would justify relief from the operation of the judgment. Instead, OBENG-

---

[6] In the context of arguing that he should have been granted leave to amend, OBENG-AMPONSAH claimed that he discovered "new information" on Defendants' purportedly illegal conduct, but failed to say what that information was or why it would change the Court's initial ruling. Moreover, OBENG-AMPONSAH claimed the new information would somehow support his argument that "he has federal claims, arising out of the Defendants' misrepresentations in the UD action, which the state UD court failed to remedy" - such claims would, in any case, clearly be barred under the *Rooker-Feldman* doctrine. (Supp.ER, pg. 4.)

[7] There, the Court explained that the fraud exception to the *Rooker-Feldman* doctrine is for extrinsic fraud, not a situation where, as here, OBENG-AMPONSAH argues that Defendants' documents and representations are fraudulent before the state court and the state court rejects those arguments. (Supp.ER, pg. 6.)

AMPONSAH merely restated his arguments that the state court lacked the authority to issue an unlawful detainer judgment against him, and that the District Court should have intervened to stop the enforcement of the state court decisions. OBENG-AMPONSAH's motion for reconsideration was, therefore, properly denied by the District Court. *See Clark*, 755 F.Supp.2d at 1099 [disagreeing with the Court's initial order is not grounds for a motion for reconsideration, which should not be "used to ask the court to rethink what it has already thought"].

## CONCLUSION

As set forth herein, it is clear that OBENG-AMPONSAH has failed to provide any valid basis for this Court to disturb the Judgment in favor of NAIMAN and the other Defendants/Appellees entered by the District Court in this action.  As such, NAIMAN respectfully asks this Court to affirm the District Court's Judgment in full.

Dated: November 9, 2015          MURPHY, PEARSON, BRADLEY and FEENEY

By: _____*/s/ John P. Girarde*_____
       John P. Girarde
       Attorneys for Defendant/Appellee
       RANDALL D. NAIMAN

JPG.20990943.docx

## <u>CERTIFICATE OF COMPLIANCE</u>

### [FRAP 32(a)(7)(C) and Circuit Rule 32-1]

Pursuant to Federal Rule of Appellate Procedure ("FRAP") 32(a)(7)(C), I certify that Appellees' Brief is proportionally spaced and has a typeface of 14 points in Times New Roman font, and that it comports with all the typeface and type style requirements in FRAP 32(a)(5) and(6).

According to the word count feature in the Microsoft Word software used to prepare this Brief, excluding those portions exempted by FRAP 32(a)(7)(B)(iii), the Brief contains 9,384 words, including footnotes, quotations and headings. This Brief therefore complies with the 14,000-word type-volume limit established by FRAP 32(a)(7)(B).

Dated: November 9, 2015          MURPHY, PEARSON, BRADLEY and FEENEY

By: ___*/s/ John P. Girarde*_____
    John P. Girarde
    Attorneys for Defendant/Appellee
    RANDALL D. NAIMAN

## <u>STATEMENT OF RELATED CASES</u>

Although NAIMAN is not a party, the following action appears to be a "related case" within the meaning of Ninth Circuit Rule 28-2.6:

*Kofi Obeng-Amponsah v. US Bank National Association et al*
USDC, Central District of California Case No 5:14-cv-00262-GHK-JC
Ninth Circuit Court of Appeal Docket No. 14-56369.


Dated: November 9, 2015          MURPHY, PEARSON, BRADLEY and FEENEY

                                 By:   */s/ John P. Girarde*
                                       John P. Girarde
                                       Attorneys for Defendant/Appellee
                                       RANDALL D. NAIMAN

- 39 -

| 9th Circuit Case Number(s) | 14-56593 |
|---|---|

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) _____ .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) 11/9/2015 .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Kofi Obeng-Amponsah
P.O. Box 3607
Ontario, CA  91761

Signature (use "s/" format) | s/ Alice M. Kay