CASE NO. 14-56593

## UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

───────────────

KOFI OBENG-AMPONSAH

*Plaintiff and Appellant,*

v.

RANDALL D. NAIMAN, et al.

*Defendants and Appellees.*

───────────────

Appeal From The United States District Court, Central District of California, Case No. EDCV 14-00635-GHK(PJW), Hon. George H. King, District Judge and Hon. Patrick J. Walsh, Magistrate Judge; Hon. Virginia A. Phillips, District Judge

───────────────

## RESPONSE BY APPELLEES PETER HETTINGA AND CRAIG FINLAYSON IN OPPOSITION TO APPELLANT'S REQUEST FOR JUDICIAL NOTICE

───────────────

| | |
|---|---|
| * Darin L. Wessel (Cal. SBN 176220) | Ann Marie Thompson (Cal. SBN 152043) |
| MANNING & KASS, ELLROD, RAMIREZ, TRESTER LLP | SUNDERLAND McCUTCHAN, LLP |
| 550 West C Street, Suite 1900 | 11770 Bernardo Plaza Court, Ste. 310 |
| San Diego, California 92101 | San Diego, CA 92128 |
| Telephone: (619) 515-0269 | Telephone: (858) 675-7800 |
| Facsimile: (619) 515-0268 | Facsimile: (858) 675-7807 |

Attorneys for Appellees Craig Finlayson and Peter Hettinga

4820-3093-2015.1

CASE NO. 14-56593

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

_____

KOFI OBENG-AMPONSAH

*Plaintiff and Appellant,*

v.

RANDALL D. NAIMAN, an individual; PETER HETTINGA, an individual; and CRAIG FINLAYSON, an individual

*Defendants and Appellees.*

_____

Appeal From The United States District Court,
Central District of California, Case No. EDCV 14-00635-GHK(PJW),
Hon. George H. King, District Judge and Hon. Patrick J. Walsh,
Magistrate Judge; Hon. Virginia A. Phillips, District Judge

_____

# RESPONSE BY APPELLEES PETER HETTINGA AND CRAIG FINLAYSON IN OPPOSITION TO APPELLANT'S REQUEST FOR JUDICIAL NOTICE

_____

## CORPORATE DISCLOSURE STATEMENT

Appellees Peter Hettinga and Craig Finlayson are individuals and accordingly Fed. R. App. 26.1(a) does not apply.

Dated:  March 16, 2016                    Respectfully submitted,

                                              **MANNING & KASS**
                                              **ELLROD, RAMIREZ, TRESTER LLP**

                                        By:        /s/ Darin L. Wessel
                                                Darin L. Wessel
                                                Attorneys for Peter Hettinga and Craig Finlayson

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................. 8

STANDARDS FOR JUDICIAL NOTICE ................................................................... 9

LEGAL DISCUSSION ......................................................................................... 11

I. JUDICIAL NOTICE IS PROPERLY DENIED BECAUSE THE MATERIALS ARE IRRELEVANT AND IMMATERIAL TO APPLICATION OF THE *ROOKER-FELDMAN* DOCTRINE ............................................................ 11

II. JUDICIAL NOTICE IS PROPERLY DENIED BECAUSE THE MATTER SOUGHT TO BE JUDICIALLY NOTICED IS IMMATERIAL TO THE ISSUE OF WHETHER OBENG-AMPONSAH'S CLAIMS ARE BARRED BY RES JUDICATA, COLLATERAL ESTOPPEL, AND THE DOCTRINE OF MERGER AND BAR. .............................................. 12

CONCLUSION ................................................................................................... 16

CERTIFICATE OF SERVICE .................................................................................. 17

**TABLE OF AUTHORITIES**

C<small>ASES</small>:

*Coalition For a Sustainable Delta v. McCamman*,

    725 F. Supp. 2d 1162, 1183-84 (E.D. Cal. 2010)...............10

*Columbus Line, Inc. v. Gray Line Sight-Seeing Companies Associated, Inc.*,

    120 Cal.App.3d 622, 628 (Cal.App. 1981).........................13

*Cooper v. Ramos*,

    704 F.3d 772, 777 (9th Cir. 2012) ......................................11

*Faison v. Lewis*,

    25 N.Y.3d 220, 222 (N.Y. 2015).........................passim 9, 16

*Flick v. Liberty Mut. Fire Ins. Co.*,

    205 F.3d 386, 393 n. 7 (9th Cir. 2000) ..............................

*Lee v. City of Los Angeles*,

    250 F. 3d 668, 690 (9th Cir. 2001) overruled on other

    grounds by *Galbraith v. County of Santa Clara*,

    307 F.3d 1119 1125-26 (9th Cir. 2002),

    359 F.3d 1136, 1139 (9th Cir. 2004) ..................................10

*Maldonado v. Harris*,

    370 F.3d 945, 949 (9th Cir. 2004) ......................................11

*Manufactured Home Communities Inc. v. City of San Jose*,

    420 F.3d 1022, 1029 (9th Cir. 2005) .................................11

*Obeng-Amponsah v. Chase Home Fin., LLC*,

    2015 U.S. App. LEXIS 14636 (9th Cir. Unpub.

    Aug. 20, 2015) pet. rehg. den. Nov. 13, 2015 ....................8, 15

*Obeng-Amponsah v. Mortgage Elec. Registration Sys.*,

    2013 Cal. App. Unpub. LEXIS 9204

    (Cal. App. 4th Dist. Dec. 19, 2013)....................................8, 15

*Parklane Hosiery Co. v. Shore*,

    439 U.S. 322, 327 n. 5 (U.S. 1979) ....................................13

*Rodgers v. Sargent Controls & Aerospace,*

    136 Cal.App.4th 82, 89-90 (Cal. App. 2006) .....................14

*Santa Monica Food Not Bombs v. City of Santa Monica*,

    450 F.3d 1022, 1025 n. 2 (9th Cir. 2006) ...........................10

*Tahoe-Sierra Pres. Council, Inc.v. Tahoe Reg'l Planning*

    *Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) .....................14

*Trigueros v. Adams*,

    658 F.3d 983, 987 (9th Cir. 2011) .....................................9-10

*United States ex rel. Robinson Rancheria Citizens Council*

    *v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)) ...........9-10

*United States ex rel. Barajas v. Northrop Corp.*,

    147 F.3d 905, 909 (9th Cir. 1998) ........................................14

*United States v. Bernal-Obeso*,

    989 F.2d 331, 333 (9th Cir. 1993) ......................................9

*Vandenberg v. Superior Court,*

    21 Cal.4th 815, 828 (Cal. 1999) .........................................13

*Yvanova v. New Century Mortgage Corp.*,

    62 Cal. 4th 919 (Cal. 2016) ................................................passim 8, 15


**STATUTES, CODES AND RULES:**

Fed. R. Evid. 201(b)....................................................................... 9

## INTRODUCTION

This case is but the latest in an ongoing saga by Obeng-Amponsah seeking to contest the validity of a non-judicial foreclosure sale of his house in Alta Loma California. See, e.g., *Obeng-Amponsah v. Mortgage Elec. Registration Sys.*, 2013 Cal. App. Unpub. LEXIS 9204, 2-3 (Cal. App. 4th Dist. Dec. 19, 2013); *Obeng-Amponsah v. Chase Home Fin., LLC*, 2015 U.S. App. LEXIS 14636 (9th Cir. Unpub. Aug. 20, 2015), pet. rehg. den. Nov. 13, 2015. In the present case, Obeng-Amponsah sued attorney Randall D. Naiman (Naiman) and real estate agents Peter Hettinga (Hettinga) and Craig Finlayson (Finlayson) in relation to their encouraging and bringing a state court unlawful detainer case on behalf of US Bank as the entity acquiring the property via non-judicial foreclosure sale – a state court case that resulted in judgment against Obeng-Amponsah. The District Court dismissed the case concluding Obeng-Amponsah's claims were a de facto attempt to re-litigate and challenge the underlying unlawful detainer judgment barred under the *Rooker-Feldman* doctrine.

By way of post-briefing motion, Obeng-Amponsah now requests this court take judicial notice of three items. He requests judicial notice of a recent California Supreme Court decision, *Yvanova v. New Century Mortgage Corp.*, 62 Cal. 4th 919 (Cal. 2016), holding a homeowner has standing to sue for wrongful foreclosure based on an allegedly void assignment of a trust deed. See App. Dkt.

40, p. 6.  He requests judicial notice of an amicus brief in the Ninth Circuit case of Ho v. Recontrust Company, N.A. (9th Cir. No. 10-56884) addressing whether a trustee foreclosing on a California deed of trust is a debt collector under the Fair Debt Collection Practices Act. See App. Dkt. 40, pp. 40, 46.  Finally, he requests judicial notice of a New York decision, *Faison v. Lewis*, 25 N.Y.3d 220, 222 (N.Y. 2015), addressing statute of limitations issues in an action seeking to set aside defendant bank's interest in real property conveyed by an allegedly forged deed. See App. Dkt. 40, p. 75.

While the case authority is ordinarily matter properly subject to judicial notice, judicial notice is properly denied because the cases do not "have a direct relation to matters at issue."  See *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (quoting *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)).  Judicial notice is properly denied as to the amicus brief on grounds it does not have a direct relation to the matters at issue and because it addresses disputed legal issues.

### STANDARDS ON JUDICIAL NOTICE

A court may take judicial notice of facts not subject to reasonable dispute and that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993).  The scope of the

judicial notice doctrine, however, is limited. First, a court may not take judicial notice if the documents do not "have a direct relation to matters at issue." *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (quoting *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)); *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n. 2 (9th Cir. 2006) (declining to take judicial notice of reports not relevant to the resolution of the matters before the court); *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 393 n. 7 (9th Cir. 2000) (same).

Second, "a court may not take judicial notice of a fact that is 'subject to reasonable dispute.'" *Lee v. City of Los Angeles*, 250 F. 3d 668, 690 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed matters of public record) (citing Fed. R. Evid. 201(b)), overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119 1125-26 (9th Cir. 2002). Finally, the document cannot be used as proof of the matters asserted therein. *Coalition For a Sustainable Delta v. McCamman*, 725 F. Supp. 2d 1162, 1183-84 (E.D. Cal. 2010).

## LEGAL DISCUSSION

## I.

## JUDICIAL NOTICE IS PROPERLY DENIED BECAUSE THE MATERIALS ARE IRRELEVANT AND IMMATERIAL TO APPLICATION OF THE *ROOKER-FELDMAN* DOCTRINE

Issues 1-8 and 10 identified by Obeng-Amponsah in his Appellant's Opening Brief (AOB, pp. 1-2) are all glosses on whether the District Court erred in dismissing the case under the *Rooker-Feldman* doctrine. Under *Rooker-Feldman*, federal district courts do not have jurisdiction to consider actual or de facto appeals of state court judgments. *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012); *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003); *Manufactured Home Communities Inc. v. City of San Jose*, 420 F.3d 1022, 1029 (9th Cir. 2005); *Maldonado v. Harris* 370 F.3d 945, 949 (9th Cir. 2004).

The District Court concluded the allegations of Obeng-Amponsah's Complaint challenging the validity of the underlying unlawful detainer judgment and his requested relief that the District Court vacate and void the judgment and writ of execution issued by the state court rendered this case a de facto appeal precluded under *Rooker-Feldman*. See Hettinga Supp. ER pp. 49-51. The District Court also concluded Obeng-Amponsah's assertions of fraud were not the type of

extrinsic fraud contemplated by the limited exception to the *Rooker-Feldman* doctrine. Id., p. 50-51.

The California Supreme Court case, the amicus brief, and the New York case Obeng-Amponsah seeks to have judicially noticed do not address *Rooker-Feldman* doctrine issues. The material therefore has no bearing on the issues presented on appeal and is not the proper subject of judicial notice.

## II.

## JUDICIAL NOTICE IS PROPERLY DENIED BECAUSE THE MATTER SOUGHT TO BE JUDICIALLY NOTICED IS IMMATERIAL TO THE ISSUE OF WHETHER OBENG-AMPONSAH'S CLAIMS ARE BARRED BY RES JUDICATA, COLLATERAL ESTOPPEL, AND THE DOCTRINE OF MERGER AND BAR

While the District Court did not reach the res judicata and collateral estoppel issues raised in the defense motions to dismiss, the appellees have asserted that res judicata and collateral estoppel applies as additional and alternative grounds to affirm the judgment. Thus, the issue in relation to Obeng-Amponsah's request for judicial notice is whether the matter request for judicial notice has any material impact on this appellate issue. It does not.

"Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same

cause of action. Under the doctrine of collateral estoppel, on the other hand, the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n. 5 (U.S. 1979); accord *Columbus Line, Inc. v. Gray Line Sight-Seeing Companies Associated, Inc.,* 120 Cal.App.3d 622, 628 (Cal.App. 1981) (*Columbus Line*). Res judicata and collateral estoppel applies to judgments following the grant of summary judgment. *Columbus Line, supra,* 120 Cal.App.3d at p. 629. Whether the prior judgment was correct or not is inconsequential – "for purposes of application of the doctrine of res judicata, an erroneous judgment is as conclusive as a correct one." *Id.*, at p. 629 fn. 5.

"[I]n its collateral estoppel effect, the doctrine [of res judicata] may also preclude a party to prior litigation from redisputing issues therein decided against him, even where those issues bear on different claims raised in a later case. Moreover, because the estoppel need not be mutual, it is not necessary that the earlier and later proceedings involve the identical parties or their privies. Only the party against whom the doctrine is invoked must be bound by the prior proceeding. [Citations.]" *Vandenberg v. Superior Court,* 21 Cal.4th 815, 828 (Cal. 1999). The doctrine of collateral estoppel "rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to

litigate the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent. Public policy and the interest of litigants alike require that there be an end to litigation." *Rodgers v. Sargent Controls & Aerospace,* 136 Cal.App.4th 82, 89-90 (Cal. App. 2006).

"'Res judicata bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits. It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought.'" *Tahoe-Sierra Pres. Council, Inc.v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003), quoting from *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998). This concept is generally referred to merger and bar because all claims that could have been litigated in the prior action are merged in and barred by the judgment.

The underlying premise of Obeng-Amponsah's claims is the assertion the non-judicial foreclosure sale was invalid which in turn invalidates the UD judgment and made Naiman, Hettinga and Finlayson's pursuit of the UD judgment fraudulent, tortious and a violation of RICO statutes. Obeng-Amponsah's litigation against US Bank challenging the validity of its acquiring title through the non-

judicial foreclosure sale was adjudicated against him by the state and federal courts. *Obeng-Amponsah v. Mortgage Elec. Registration Sys., supra,* 2013 Cal. App. Unpub. LEXIS 9204, 2-3, 5; *Obeng-Amponsah v. Chase Home Fin., LLC, supra*, 2015 U.S. App. LEXIS 14636. His continuation of the same arguments seeking to unwind the foreclosure sale are barred under res judicata and collateral estoppel. Thus, no matter what Obeng-Amponsah might try to argue, US Bank was and is the lawful owner of the property because Obeng-Amponsah's quiet title and related claims against US Bank were resolved in its favor. As the state court judgment was final by 2010 (*Obeng-Amponsah v. Mortgage Elec. Registration Sys., supra,* 2013 Cal. App. Unpub. LEXIS 9204, 5), Naiman, Hettinga and Finlayson's actions in bringing the UD action on behalf of US Bank were valid and proper as a matter of law and Obeng-Amponsah could not re-litigate the validity of the underlying ownership and judgments.

The California Supreme Court's decision in *Yvanova v. New Century Mortgage Corporation, supra*, addressed standing issues, not res judicata or collateral estoppel issues. *Yvanova v. New Century Mortgage Corp., supra*, 62 Cal. 4th 919, 924; App. Dkt. 40, p. 6. Likewise, the amicus brief in the Ninth Circuit case of Ho v. Recontrust Company, N.A. (9th Cir. No. 10-56884) presents arguments on whether a trustee foreclosing on a California deed of trust is a debt collector under the Fair Debt Collection Practices Act, not res judicata or collateral

4820-3093-2015.1                                    15

estoppel issues. See App. Dkt. 40, pp. 40, 46. Finally, the New York decision in *Faison v. Lewis, supra*, 25 N.Y.3d 220, 222 addressed statute of limitations issues in an action seeking to set aside defendant bank's interest in real property conveyed by an allegedly forged deed, not res judicata or collateral estoppel issues. See App. Dkt. 40, p. 75.

## CONCLUSION

The request for judicial notice should be denied.

DATED: March 16, 2016

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: /s/ Darin L. Wessel
Darin L. Wessel
Attorneys for Appellees Craig Finlayson and Peter Hettinga

# CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2016, I electronically filed the foregoing RESPONSE BY APPELLEES PETER HETTINGA and CRAIG FINLAYSON IN OPPOSITION TO APPELLANT'S REQUEST FOR JUDICIAL NOTICE with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| John P. Girarde, Esq.<br>Murphy, Pearson, Bradley & Feeney, PC<br>88 Kearny Street, 10th Flr.<br>San Francisco, CA | Counsel for Appellee Randall D. Naiman |
| Ann Marie Thompson, Esq.<br>Sunderland McCutchan, LLP<br>11770 Bernardo Plaza Ct.<br>Ste. 310<br>San Diego, CA 92128 | Co-counsel for Appellees Peter Hettinga and Craig Finlayson |

I also certify the document and a copy of the Notice of Electronic Filing was served via mail on the following non-CM/ECF participants:

| | |
|---|---|
| Kofi Obeng-Amponsah<br>P.O. Box 3607<br>Ontario, CA 91761 | Pro Se Appellant/Plaintiff |

                                                                           /s Darin L. Wessel
                                                                           Darin L. Wessel